HELEN VILLARD BELL, Plaintiff, *v.* FANNY GARRISON VILLARD et al., Defendants.

(Supreme Court, Westchester Special Term, November, 1905.)

Wills — Actions to determine validity of will — Limitation of time for bringing — Code of Civil Procedure, § 2653a.

A daughter of a testator who is and has been at all times since the admission of her father's will to probate the wife of a British subject and a permanent non-resident in a foreign country, is not "absent from the State," within the meaning of that term as used in section 2653a of the Code of Civil Procedure, which provides that persons within the age of minority, of unsound mind, or imprisoned, or absent from the State may bring an action to test the validity of a will, two years after such disability has been removed; and it appearing that plaintiff at no time since the probate of the will was within the age of minority, of unsound mind, or imprisoned, a demurrer to her complaint in such an action, brought three years after its probate, will be sustained.

ACTION to establish the invalidity of the probate of the will of Henry Villard, in accordance with the provisions of section 2653a of the Code of Civil Procedure.

George D. Mumford, for plaintiff.

Hornblower, Byrne, Miller & Potter, for defendants.

KEOGH, J.   The only question that is useful to consider is, has the plaintiff's right of action ceased?

The will of Henry Villard was admitted to probate on

December 29, 1900.   This action was commenced in November, 1903.   It is brought in accordance with the provisions of section 2653a of the Code of Civil Procedure, its object being to have the validity of the probate of Henry Villard's will tested.

The final clause of this section reads as follows:   " The action brought as herein provided shall be commenced within two years after the will or codicil has been admitted to probate, but persons within the age of minority, of unsound mind, imprisoned, or absent from the State, may bring such action two years after such disability has been removed."

It is conceded that more than two years elapsed after the will was admitted to probate, and before this action was commenced, and that the plaintiff at no time since said probate was within the age of minority, of unsound mind or imprisoned.   It is also conceded by the pleadings that, at the time of Henry Villard's death and the admission of the will to probate, the plaintiff was the wife of James W. Bell, a British subject, and was then residing and has since continued to reside with her husband in the city of Dresden, Germany, and was and is an actual nonresident of this State.

The means by which the plaintiff seeks to avoid the bar of this statute is by asserting that she was at all times since the date of her father's death, and until August, 1902, continuously absent from this State.   The question demanding decision, therefore, is whether one who is and has been at all times since the admission of the will to probate a foreigner and permanent nonresident in a foreign country was intended to be included within those excepted as " absent from the State," and thus come within the saving clause of the limitation upon which the right of action is granted.

I think when the statute speaks of persons " absent from the State " it means residents of the State who happen to be absent therefrom.   Absence presupposes former presence. It must be assumed that the Legislature used the words in their common and everyday meaning, and when a person is spoken of as absent from a certain place it is intended to describe a person who was at one time in such place.

As more than two years have elapsed after the will of

Henry Villard was admitted to probate, and before this action was commenced, the plaintiff being a nonresident cannot have the benefit of the exception referred to. The demurrer must be sustained.

Demurrer sustained.